Amis L. WILLIAMSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 36787.

Court of Criminal Appeals of Texas.

April 15, 1964.

W. C. Wiebusch, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of fifty dollars.

■ It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

Officer Wolf testified that he saw appellant's automobile weaving as he (appellant) drove along the highway; that it turned to the left side of the highway and continued across it into a ditch three feet deep; that he found a bottle of scotch whiskey on the floor board of the car; that he heard appellant talk and observed his walk, and smelled the odor of alcohol on his breath. The officer expressed the opinion that the appellant was intoxicated.

The appellant, testifying in his own behalf, denied that he was intoxicated but stated that he had had one or two beers during his evening meal; and later he had about four drinks at a club where he bought the bottle of whiskey; that he left the club early because he was tired and sleepy and his car ran into a ditch on the way to a motel; that he was not intoxicated and that any unusual physical condition was due to injuries he received when his car ran into the ditch.

The jury resolved the issue of intoxication against him, and the evidence is sufficient to support the conviction.

■ Appellant urges error because of a fatal variance between the surname *WILLIAMSON* in the complaint and *WILLIAM SON* in the information. The complaint charges AMIS L. *WILLIAMSON*, JR. with driving while intoxicated, while the information charges AMIS L. *WILLIAM SON*, Jr. with such offense. This claim of error was first made in the amended motion for new trial.

The allegation as to the name of the accused was not such a variance as would vitiate the information. Except for the information the name of Williamson, when necessary, is used throughout the record of this case. From the record it appears that *WILLIAM SON* in the information was intended to be *WILLIAMSON*, hence it was a clerical error. In the absence of any showing of injury it does not warrant a reversal. Art. 412 Vernon's Ann.C.C.P.

■ The appellant contends that County Criminal Court at Law No. 4 did not have jurisdiction of this cause in that it was transferred to that court from County Criminal Court at Law No. 2 of Harris County which had never acquired jurisdiction in the first place because of the want of express authority for the presentment and filing of causes in County Criminal Court at Law No. 2.

To sustain his contention, the appellant states that the jurisdiction of County Criminal Court at Law No. 2 is limited by Art. 1970–110b, Vernon's Ann.Civ.St., which

provides that its jurisdiction shall be the same as it is now or may hereafter be provided for county courts. He asserts that the County Court of Harris County has never had and does not now have criminal jurisdiction because of the provisions of the Constitution, Art. 5, Sec. 16, Vernon's Ann.St., relating to the Criminal District Court of Harris County.

Art. 1970–110b, supra, created County Criminal Court at Law No. 2 in Harris County, and granted and expressly conferred upon it, not the same jurisdiction as that of the County Court of Harris County, but "the same jurisdiction over criminal matters that is now or may be vested in county courts having jurisdiction in criminal actions and proceedings under the Constitution and laws of Texas." Appellant's contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.